# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

## CIVIL ACTION NO. 3:13-CV-638-JDM

STEPHEN M. NEFF                                                                           PLAINTIFF

V.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY               DEFENDANT

## **MEMORANDUM OPINION**

The plaintiff, Stephen Neff, filed this action pursuant to 42 U.S.C. §405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied his application for disability insurance benefits. Mr. Neff asserts that the administrative law judge committed many errors of fact and law in his opinion and, accordingly, it is not supported by substantial evidence and must be set aside.

After reviewing the parties' fact and law summaries and the administrative record, the court concludes that the administrative law judge did err in his evaluation of the potentially exacerbating effect of Mr. Neff's obesity on his underlying impairments and in his evaluation of the medical opinion evidence. Accordingly, the court will reverse the decision of the Commissioner and remand this matter for further proceedings.

## I.

Mr. Neff filed an application for disability insurance benefits in December 2010, and alleged that he became disabled in July 2009 due to diabetes, bipolar disorder, and a shoulder injury. After his application was denied initially and on reconsideration, he requested a hearing

before an administrative law judge. Following the hearing, at which Mr. Neff and a vocational expert testified, the ALJ issued an opinion in which he determined that Mr. Neff suffers from the many more severe impairments than Mr. Neff initially alleged, specifically: diabetes mellitus with neuropathy, diabetic retinopathy, osteoarthritis, status post three left shoulder rotator cuff repairs, sleep apnea, bipolar disorder, panic disorder, and intermittent explosive disorder. Although Mr. Neff is morbidly obese, the ALJ did not mention his obesity in this part of his analysis.

At the next step of his analysis, the ALJ concluded that none of Mr. Neff's impairments, either singly, or in combination, met or equaled the criteria of any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. In so doing, he mentioned Mr. Neff's obesity, but stated only:

> In regards to Sections 1.00Q, 3.00I, and 4.00F,[1] the claimant's obesity fails to meet any section of the Listings, because there is no evidence in the case record of the requisite impact on musculoskeletal, respiratory, cardiovascular, or other body system functioning.

He did not define or otherwise explain the term "requisite impact." The ALJ's evaluation of Mr. Neff's diabetes and his mental impairments was more specific and detailed, and included a summary of each listing and corresponding diagnostic criteria considered.

The ALJ then determined that Mr. Neff retains the residual functional capacity to perform sedentary work with a sit/stand option, plus other limitations necessary to accommodate his physical and mental impairments. Based on the ALJ's assessment of Mr. Neff's residual functional capacity, and Mr. Neff's employment history, the vocational expert testified that Mr. Neff is capable of returning to his past relevant work as a surveillance monitor.

---

[1] At the time the ALJ issued his opinion, the introductory paragraph in Listing 4.00 that discussed obesity was 4.00F. It is currently found at 4.00I.

**II.**

This court must affirm the conclusions of the Commissioner of Social Security unless the administrative law judge failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. §405(g). "Substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and the reviewing court must affirm if substantial evidence exists, even if it would have reached a different conclusion. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008)(citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). That being said, the concept of "substantial evidence" cannot be satisfied by a highly selective reading of the administrative record, it must be supported by the record "taken as a whole." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Id*. at 388 (internal quotes and citations omitted).

With respect to the correct legal standards, administrative law judges must perform a five-step analysis to determine whether a claimant is disabled within the meaning of the Social Security Act:

1. If the claimant is engaged in substantial gainful activity, he is not disabled.

2. If the claimant is not engaged in substantial gainful activity, but his impairment is not "severe," he is not disabled.

3. If the claimant is not engaged in substantial gainful activity and is suffering from a "severe" impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

4. Otherwise, if the claimant's impairment does not prevent him from doing his past relevant work, she is not disabled.

5. Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

20 C.F.R. § 404.1520; *see also Jordan,* 548 F.3d at 422.

The claimant bears the burden of proof with respect to the first four steps. *Jordan*, 548 F.3d at 422. The burden shifts to the SSA with respect to the fifth step, however, and at that step the Social Security Administration bears the burden of proving that there are available jobs in the national economy that the claimant is capable of performing. *Id.* at 423 (citing *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 391-92 (6th Cir.1999)). The claimant, however, retains the burden of proving the extent of his residual functional capacity. *Id.* (citing *Her,* 203 F.3d at 392).

## III.

Mr. Neff asserts generally that the ALJ erred at steps three and four of his analysis. Specifically, Mr. Neff asserts that the ALJ erred at step three by failing to evaluate the exacerbating effect of his obesity on his other impairments when the ALJ determined that none of his impairments meet or equal in severity a Listed Impairment.[2] Mr. Neff also asserts that the ALJ erred at step four, when he determined Mr. Neff's residual functional capacity, by failing to properly evaluate the medical opinion evidence, by failing to evaluate the effects of his fatigue and lower back pain, by failing to consider the combined effects of his physical and mental impairments, and by questioning Mr. Neff's credibility.

---

[2] Pursuant to 20 C.F.R. § 404.1520(4)(iii), a claimant whose impairments meet or equal in severity one the impairments listed in 20 C.F.R. 404, Subpt. P., App. 1, and meets the duration requirement, will be deemed disabled as a matter of law without further inquiry).

## A. Whether the ALJ Properly Evaluated the Effect of Mr. Neff's Obesity at Step Three of his Analysis

Obesity used to be included as a separate listing among the Listed Impairments. In 1999 the Social Security Administration eliminated that listing, but added paragraphs to the prefaces of the musculoskeletal, respiratory, and cardiovascular body system listings. Those paragraphs "provide guidance about the potential effects obesity has in causing or contributing to impairments in those body systems … and remind adjudicators to consider its effects when evaluating disability." Social Security Ruling ("SSR") 02-1p, 2002 WL 34686281, at *1. These provisions remind adjudicators that:

> [T]he combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately, [and] instruct adjudicators to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity.

SSR 02-1p, at *1. They do not contain the phrase "requisite impact" as such, nor provide specific diagnostic criteria. Rather, they simply instruct adjudicators to be mindful that obesity, in combination with a particular impairment, can render the impairment more severe than it would be were the person not obese. And, Social Security Ruling 02-1p states: "As with any other impairment, *we will explain how we reached our conclusions* on whether obesity caused any physical or mental limitations." 2002 WL 34686281, at *7 (emphasis added).

As noted previously, the ALJ's discussion of Mr. Neff's obesity at step three of his evaluation, consisted only of the following:

> In regards to Sections 1.00Q, 3.00I, and 4.00F, the claimant's obesity fails to meet any section of the Listings, because there is no evidence in the case record of the requisite impact on musculoskeletal, respiratory, cardiovascular, or other body system functioning.

Based on this language, it would appear that the ALJ incorrectly believed that obesity, although no longer a stand-alone Listed Impairment, had to be evaluated as if it were one. Instead of discussing, for example, whether there exists sufficient evidence in the record that Mr. Neff's morbid obesity exacerbated one or more of his underlying musculoskeletal, respiratory, or cardiovascular impairments to the extent that a particular underlying impairment that might not otherwise have been of Listing-level severity now met the required degree of severity, he simply said "the claimant's *obesity* fails to meet any section of the Listings." In a separate paragraph, the ALJ states the diagnostic criteria for Listing 1.02 and observes "[t]he evidence does not show this listing criteria has been met." But, he does not cite which particular evidence he considered, or remark upon the exacerbating effect of Mr. Neff's obesity (or lack thereof). Nor does he mention any of the Listed Impairments in listings 3.00 or 4.00, in spite of having referenced their introductory paragraphs earlier.

The court concludes that the ALJ erred in his evaluation of Mr. Neff's obesity at least at step three and, therefore, remand is appropriate.

    **B.    Whether the ALJ Properly Evaluated Mr. Neff's Residual Functional Capacity**

Because the court has that remand is appropriate to correct errors with respect to at least one issue, it need not consider each of Mr. Neff's remaining allegations of error with respect to the determination of his residual functional capacity. One, however, warrants discussion nonetheless. The court concludes that the ALJ erred in his evaluation of the opinion evidence regarding Mr. Neff's mental impairments.

The evidence of Mr. Neff's mental impairments consists of the treatment records from his psychiatrist (Dr. Stinnet), who treated him with some degree of frequency and regularity for four years, the report of the consultative psychological examiner (Dr. Miller), a report by a

clinical neuropsychologist (Dr. Cecil), who evaluated Mr. Neff and performed a battery of diagnostic tests as part of a vocational assistance program, the assessment of a state agency record-reviewing consultant (Dr. Prout), and an opinion letter written by a clinical social worker (Mr. Jackson), who treated Mr. Neff and his family at the Family & Children's Counseling Center for several years. Accordingly, there was no treating source opinion, potentially entitled to controlling weight, only the opinions from two psychologists who each examined Mr. Neff only one time, the opinions of a psychologist who never examined Mr. Neff, and the opinion of a social worker.

The ALJ rejected the opinion of consulting examiner, Dr. Miller, because he deemed it inconsistent with Dr. Stinnet's treatment records and the totality of the evidence as a whole, and accepted the opinions of record-reviewer Dr. Prout, because he deemed those consistent with Dr. Stinnet's records. The ALJ did not discuss the report of Dr. Cecil, the neuropsychologist, much less assign it any weight, or the opinion letter written by Mr. Jackson, the social worker.

Pursuant to the governing regulations, the ALJ was required to evaluate every medical opinion from an "acceptable medical source." This includes the report from Dr. Cecil, but not the letter from Mr. Jackson, because social workers are not "acceptable medical sources." Accordingly, the ALJ did not err by failing to address Mr. Jackson's report, because the regulations state that evaluation of a social worker's opinion is permissible, but not required. The same is not true for Dr. Cecil's opinion. The Commissioner asserts that, although she must provide a statement of evidence and the reasons on which the decision is based, *see* 42 U.S.C. § 405(b)(1), it is unnecessary for the ALJ to address every piece of evidence. While this may be true for treatment records, the regulations clearly state that the evaluation of, and assignment of weight to, opinion evidence from all acceptable medical sources is not optional, *see* 20 C.F.R. §

7

404.1527 ("we *will evaluate* every medical opinion we receive" and, unless a treating sources opinion is given controlling weight, consider several specified factors when determining how much weight to give each opinion received)(emphasis added); *see also* 20 C.F.R. § 404.1527(e)(2)(ii)("Unless a treating source's opinion is given controlling weight, the administrative law judge *must explain in the decision* the weight given to the opinion of a [non-examining state agency consultant]…*as the administrative law judge must do for any opinions from ... nontreating sources ... who do not work for us.*") (emphasis added). Accordingly, the Commissioner shall have an opportunity to evaluate all the opinion evidence from acceptable medical sources, including the opinion of Dr. Cecil, on remand.

**IV.**

For the foregoing reasons, the court concludes that the ALJ failed to appropriately evaluate the potentially exacerbating effect of Mr. Neff's obesity at step three of his analysis and to evaluate the opinion evidence at step four. The court will therefore issue an order remanding this case for further proceedings pursuant to 42 U.S.C. § 405(g).

DATE:

cc: counsel of record