UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**STEPHEN M. NEFF,**

      **Plaintiff,**

**v.**                                       **CASE NO. 3:13-CV-638-CHL**

**CAROLYN C. COLVIN,**
**ACTING COMMISSIONER**
**OF SOCIAL SECURITY,**

      **Defendant**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for attorney's fees (the "Motion") (DN 19) filed by the plaintiff, Stephen M. Neff ("Neff"), on November 20, 2014. Neff seeks payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The defendant, the Acting Commissioner of the Social Security Administration ("Commissioner") filed a response and partial opposition to the Motion ("Response") (DN 20) on December 12, 2014. Neff did not file a reply. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to a United States Magistrate Judge conducting all further proceedings in this case.[1] (DN 10.) This includes issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. This motion is ripe for review.

## BACKGROUND

On June 21, 2013, Neff filed a complaint ("Complaint") with this Court, seeking review of a final decision of the Commissioner pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). (DN 1, p.

---

[1] On December 31, 2014, Chief Judge Joseph McKinley reassigned this matter from Magistrate Judge James Moyer to the undersigned Magistrate Judge. (DN 21.)

1.) Neff filed a Fact and Law Summary on October 30, 2013. (DN 12.) The Commissioner filed a Fact and Law Summary on December 24, 2013. (DN 15.) On September 29, 2014, the Court issued a Memorandum Opinion and an Order reversing the decision of the Commissioner and remanding the case for further proceedings. (DN 16, 17.) The Court entered a final judgment in Neff's favor. (DN 18.)

On November 20, 2014, Neff filed the Motion pursuant to the EAJA, 28 U.S.C. § 2412. Neff seeks an award of attorney's fees in the amount of $4,438.00. (DN 19, p. 2.) This amount is based on 31.7 hours of work by Neff's counsel at a rate of $140.00 per hour. (*Id.*) Neff also seeks costs in the amount of $24.00 and expenses in the amount of $21.60.[2] (*Id.*) In support of the Motion, Neff submitted an affidavit executed by counsel, an itemization of services provided, and a decision of this Court in another case, offered for the proposition that an award calculated at an hourly rate in excess of the statutory maximum is appropriate. (DN 19, 19-1, 19-2, 19-3.)

The Commissioner's Response concedes that the Motion was timely and does not contest the number of hours of work, the hourly rate requested, or the amount requested for expenses. (DN 20, pp. 1, 5.) However, the Commissioner objects to three aspects of the Motion. First, the Commissioner objects to an award being made payable directly to Neff's counsel rather than to Neff himself, as the Motion appears to request. (*Id.*, pp. 2-5.) Second, the Commissioner objects to Neff's requested reimbursement of $24.00 for service of the Complaint given that the Court granted Neff's motion to proceed *in forma pauperis*. (*See id.*, p. 5; DN 4.) Finally, the Commissioner requests that in ordering any award, the Court separately itemize the amounts awarded for attorney's fees, costs, and expenses. (DN 20, p. 5.) In the below discussion, the

---

[2] Neff characterizes both a fee for service of process and a charge for copies as "costs." (DN 19-3, p. 2.) The Court, however, deems the service fee of $24.00 a cost and the copying charge of $21.60 an expense. *See* 28 U.S.C. § 2412(a)(1) (distinguishing between costs "as enumerated in [28 U.S.C. § 1920]," and "the fees and expenses of attorneys" for purposes of awards pursuant to the EAJA); 28 U.S.C. § 1920, (1) (enumerating certain types of fees and other payments that may be taxed as costs, including "fees of the clerk and marshal").

2

Court will address the standard for an award of attorney's fees pursuant to the EAJA, as well as the Commissioner's specific objections to the Motion.

## ANALYSIS

### A. Appropriateness of Attorney's Fees Award

The EAJA allows an award of attorney's fees and other expenses against the government provided that:

> (1) The party seeking such fees is the "prevailing party" in a civil action brought by or against the United States;
>
> (2) An application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of final judgment in the action;
>
> (3) The position of the government was not substantially justified; and
>
> (4) No special circumstances make an award unjust.

*See* 28 U.S.C. § 2412(d)(1)(A)-(B). The Court will not award attorney's fees unless all factors are met.

All four factors set out above are met in this case. An award of attorney's fees, costs, and expenses is appropriate pursuant to Section 2412(d). First, as the Commissioner concedes, Neff is the prevailing party. The Court remanded this case to the Commissioner for further proceedings consistent with the Court's memorandum opinion. (*See* DN 16, p. 8.); *Shalala v. Shaefer*, 509 U.S. 292, 297-98 (1993) (finding judgment made pursuant to fourth sentence of Section 405(g), including a remand, is a final judgment for purposes of Section 2412(d)).

Second, as the Commissioner also concedes, Neff's Motion was timely as it was filed within thirty days of final judgment in the action. (DN 19.) An application for fees pursuant to the EAJA must be filed within thirty days after the time for appeal has expired. *Shalala*, 509 U.S. at 302. Judgment in this matter was entered on September 29, 2014 and became final sixty

days later on November 28, 2014, when the time to file an appeal expired. (DN 18.); *see* Fed. R. App. P. 4(a) (stating that a notice of appeal may be filed sixty days after entry of judgment when the United States is a party). The Motion was filed on November 20, 2014, well within the allowable time. Neff also submitted an itemized justification for the amount requested. (DN 19-3.)

Third, the Commissioner's position in this case was not substantially justified. The EAJA does not expressly define "substantial justification." It merely states that the determination shall be made "on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) . . . ." 28 U.S.C. § 2412(d)(1)(B). The Supreme Court has described "substantial justification" as "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of establishing that the Commissioner's position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). Here, the Commissioner's Response does not address the issue of substantial justification. (*See generally* DN 20.)

In its memorandum opinion reversing the final decision of the Commissioner and remanding for further proceedings, the Court found that the Administrative Law Judge ("ALJ") erred at two steps of the five-step analysis used to determine whether a claimant is disabled within the meaning of the Social Security Act. (DN 16, p. 8.) Specifically, the Court concluded that the ALJ erred at step three of his analysis by failing to evaluate the exacerbating effect of Neff's obesity on his other impairments. (*Id.*, p. 6.) The Court further concluded that the ALJ erred at step four of his analysis by failing to evaluate and assign weight to all acceptable medical sources. (*Id.*, pp. 7-8.)

The Commissioner argued that, although an ALJ must provide a statement of evidence and the reasons on which the decision is based, it is unnecessary for the ALJ to address every piece of evidence. (*Id.*, p. 7.) The Court rejected this argument, stating that, "[w]hile this may be true for treatment records, the regulations clearly state that the evaluation of, and assignment of weight to, opinion evidence from all acceptable medical sources is not optional." (*Id.*, pp. 7-8 (citations omitted).) The Court concluded that the Commissioner "shall have an opportunity to evaluate all the opinion evidence from acceptable medical sources, including [a physician whose opinion the ALJ did not consider], on remand." (*Id.*, 8.); *see, e.g.*, *Howard v. Comm'r of Soc. Sec.*, 376 F.3d 551, 554 (6th Cir. 2004) (holding that "where the [ALJ] was found to have selectively considered the evidence in denying benefits . . . the Commissioner's decision to defend the [ALJ's] denial of benefits is without substantial justification"). The government has failed to meet its burden of establishing that its position was substantially justified.

Finally, there are no special circumstances that would make an award unjust. Therefore, subject to the limits set forth below, the award of attorney's fees, costs, and expenses to Plaintiff is appropriate.

### B. Amount of Attorney's Fee Award

Having determined that Neff is entitled to an award under the EAJA, the Court turns to the question of the amount of the award.

#### 1. Hourly Rate

Neff seeks an award based on an hourly rate of $140.00 for the time expended by his attorney on this matter. (DN 19, p. 2.) Neff contends that $140.00 per hour is the "statutory rate . . . (based on cost of living increases since March 29, 1996[).]" (*Id.*) (citations omitted). Neff further contends that $140.00 is his counsel's "usual and customary rate as awarded by this Court

5

on previous occasions." (*Id.*) In the Response, the Commissioner correctly identifies the statutory rate, which "shall be based upon prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or other special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(1)(D)(2)(A); (DN 20, p. 2.)[3] Neff has the burden of producing appropriate evidence to support the requested increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

Neff's attorney has over forty years of experience practicing disability law, has taught administrative law at a college level for eight years, and has lectured on Social Security disability for over 27 years. (DN 19-1, pp. 1-2.) Neff's attorney represents to the Court that there are a limited number of attorneys who practice disability law and that his experience and expertise result in an economy of time. (*Id*. at 2.) He further states that since the 2013, the year the instant lawsuit was filed, there has been a "significant increase in the cost of living," specifically related to products and services involving transportation and certain equipment used in the practice of law. (*Id.*) Additionally, counsel notes that filing fees in federal court have increased "several times" since the enactment of the EAJA. (*Id.*); *see* 28 U.S.C. § 2412 (d)(1)(D)(2)(A) (2012), *amended by* Contract with America Advancement Act of 1996, Pub. L. No. 104-121, § 233, 110 Stat. 847 (1996). Finally, Neff's attorney refers the Court to its decision in *Land v. Comm'r of Soc. Sec.*, No. 3:06-cv-227, (W.D. Ky. Aug. 30, 2007), as support for the reasonableness of a $140.00 hourly rate. (DN 19-2.)

The Court finds that, due to an increase in the cost of living since 1996, an hourly rate of $140.00 is appropriate for an experienced practitioner, such as Neff's attorney, who specializes

---

[3] Nonetheless, the Commissioner does not oppose an award of $140.00 per hour in this case. (DN 20, p. 1.)

in Social Security disability law. As noted above, the Commissioner does not contest this hourly rate. (DN 20, p. 1.) The Court's decision, which is reviewed for abuse of discretion, is consistent with findings of other courts in the Western District of Kentucky. *See, e.g.*, *Harville v. Comm'r of Soc. Sec.*, 2015 WL 64977, at *2 (W.D. Ky. Jan. 5, 2015) ("The court concludes that a rate of $140.00 per hour which was shown in *Murry* . . . to be a reasonable and customary rate for social security practitioners in the Louisville metropolitan area, and to which the Commissioner had no objection, should be awarded in this case."); *Murry v. Comm'r of Soc. Sec.*, No. 3:12-cv-56, at *1 (W.D. Ky. Nov. 18, 2013) (finding an hourly rate of $140.00 appropriate where Commissioner did not object); *Land v. Comm'r of Soc. Sec.*, No. 3:06-cv-227, at 3 (W.D. Ky. Aug. 30, 2007) ("The Court concludes that for experienced Louisville metropolitan area practitioners who concentrate in social security disability work, the presumptive maximum EAJA hourly rate will be $140.00.").

Accordingly, the Court awards Neff attorney's fees in the amount of $4,438.00. Below, the Court addresses related issues raised by the Commissioner.

### 2. Proper Recipient of Award

The Commissioner objects to any award being paid to Neff's attorney rather than to Neff personally. (DN 20, pp. 2-5.) The Court agrees with the Commissioner that the Motion appears to request that an award be paid to Neff's attorney rather than to Neff. (*See* DN 19, p. 2 ("Wherefore, counsel for Neff, prevailing party in this action, respectfully requests that this Court grant him an award of attorney's fees in the sum of $4,438.00 and costs in the sum of $45.60 pursuant to 28 U.S.C. § 2412.").) Any attorney's fees awarded pursuant to the EAJA are payable to the litigant rather than to his or her attorney. The EAJA provides that courts "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party." 28 U.S.C. §

7

2412(d)(1). The Supreme Court has "long held that the term 'prevailing party' in fee statutes is a 'term of art' that refers to the prevailing litigant." *Astrue v. Ratliff*, 560 U.S. 586, 591 (2010) (citations omitted). Accordingly, the Court's award of attorney's fees, costs, and expenses in this case shall be paid to Neff directly and not to his attorney.[4]

### 3. Reimbursement of Expenses

The Commissioner opposes the award of $24.00 as reimbursement for a payment made to the United States Marshals for service of the Complaint. (DN 20, p. 5, citing DN 19-3, p. 2.) The Commissioner contends that the Court granted Neff's motion for leave to proceed *in forma pauperis* (DN 4), and under such circumstances, a court is obligated to issue process to a United States Marshal, thereby relieving the plaintiff of the burden of paying for service. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (stating that Rule 4(c)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(c) require that when a plaintiff is proceeding *in forma pauperis*, the court is obligated to issue the plaintiff's process to a United States Marshal, who must in turn effectuate service upon the defendants).

The Commissioner's argument is correct, generally speaking, but it will not prevail in this instance. Although the Court granted Neff's motion to proceed *in forma pauperis*, it did not issue process to the United States Marshal or otherwise specify that Neff would not be required to pay for service of process. (*See* DN 4.) The Court has no reason to doubt the truthfulness of Neff's assertion, through his itemized list of fees and costs, that his counsel paid the $24.00 fee

---

[4] The Commissioner devotes a significant portion of the Response to an argument that any award made payable to Neff would be subject to an off-set in the amount of any debt Neff owes to the United States. (DN 20, pp. 2-5.) The Commissioner further argues that even if Neff and his attorney have entered into an agreement assigning an award of EAJA fees to the attorney, such assignment would be invalid as against the federal government due to the Anti-Assignment Act, 31 U.S.C. § 3727. (*Id.*) There is nothing in the record regarding whether Neff and his attorney have entered into such an agreement. In any event, as stated above, the award of fees and costs pursuant to the EAJA shall be paid to Neff rather than to his attorney.

for service of process. (DN 19-3, p. 2.) Accordingly, *under these particular circumstances*, the Court will include the $24.00 fee in the award payable to Neff.

### 4. Itemization of Fees, Costs, and Expenses

Finally, the Commissioner requests that the Court separately itemize the amounts it awards for attorney's fees, costs, and expenses. (DN 20, pp. 5-6.) Pursuant to the EAJA, costs are paid by the United States from a fund separate from the fund for reimbursement of fees and expenses. *See* 28 U.S.C. § 2412(a)(1), (d). The Court therefore awards Neff attorney's fees in the amount of $4,438.00, which reflects 31.7 hours worked, multiplied by an hourly rate of $140.00. The Court also awards Neff costs in the amount of $24.00 for the reasons stated above. Finally, the Court awards Neff expenses in the amount of $21.60.[5]

## **CONCLUSION**

For the foregoing reasons, Neff's Motion for Attorney's Fees (DN 19) is **GRANTED**. It is hereby **ORDERED** that Neff be awarded attorney's fees in the amount of $4,438.00, costs in the amount of $24.00, and expenses in the amount of $21.60.

cc: Counsel of record

---

[5] The Commissioner does not object to Neff's requested reimbursement in relation to expenses. (DN 20, p. 6.)